IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 09-cv-00710-MSK-MJW

YVONNE CLEMMONS and
LUTHER CLEMMONS,

       Plaintiffs,

v.

FC STAPLETON II, LLC,

       Defendant.
_____

**OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**
_____

**THIS MATTER** comes before the Court pursuant to the Defendant's Motion for Summary Judgment **(# 31)**, the Plaintiffs' response **(# 41)**, and the Defendant's reply **(# 42)**; and the Plaintiffs' Motion for Relief Pursuant to Fed. R. Civ. P. 56(f) **(# 38)**, the Defendant's response **(# 43)**, and the Plaintiffs' reply **(# 46)**.[1]

## FACTS

The basic facts are not disputed. On May 27, 2007, Ms. Clemmons was visiting a business in the Quebec Square shopping plaza, when she tripped on an uneven piece of sidewalk and fell to the ground and sustained injuries.

The Clemmons commenced this action alleging five claims: (i) common-law negligence

---

[1]Also pending is a joint motion **(# 32)** by the parties seeking a determination of the admissibility of certain opinion testimony under Fed. R. Evid. 702. Because this Order disposes of the case in its entirety, the joint motion is denied as moot.

1

by Ms. Clemmons against former[2] Defendant Forest City Commercial Management Inc. ("FCCM"); (ii) statutory premises liability by Ms. Clemmons against FCCM pursuant to C.R.S. § 13-21-115; (iii) common-law negligence by Ms. Clemmons against Defendant FC Stapleton II, LLC ("FC Stapleton"); (iv) statutory premises liability by Ms. Clemmons against FC Stapleton; and (v) a common-law loss of consortium claim by Mr. Clemmons against both entities.

FC Stapleton moves **(# 31)** for summary judgment on the claims against it, arguing: (i) the common-law negligence claim against it is barred by the exclusive operation of the premises liability statute; and (ii) for purposes of the premises liability statute, the Plaintiffs cannot show that FC Stapleton had actual or constructive notice of the defect.

## ANALYSIS

**A. Standard of review**

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary. *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Substantive law governs what facts are material and what issues must be determined. It also specifies the elements that

---

[2]The Plaintiffs initially named as Defendant in this case FCCM "d/b/a FC Stapleton II, LLC." Later, FCCM moved, without opposition, to amend the caption **(# 23)** of the case to reflect only FC Stapleton as the nominal Defendant, omitting any reference to FCCM. That motion was granted **(# 25)**. Nevertheless, the parties did not address how that modification bore on the first two claims for relief, which were asserted only against FCCM.

The instant motion for summary judgment requests judgment in favor of FCCM, and the Plaintiffs concede that those claims should be dismissed. The Court has some doubt that the failure of the Plaintiffs to promptly dismiss the first two claims of relief at the time of the motion to amend the caption reflects diligent compliance with the principles behind Fed. R. Civ. P. 11(b), but, in any event, the Court dismisses the first and second claims for relief upon the Plaintiffs' concession.

must be proved for a given claim or defense, sets the standard of proof and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence. *See* Fed. R. Civ. P. 56(e). Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999). If there is a genuine dispute as to a material fact, a trial is required. If there is no genuine dispute as to any material fact, no trial is required. The court then applies the law to the undisputed facts and enters judgment.

If the moving party does not have the burden of proof at trial, it must point to an absence of sufficient evidence to establish the claim or defense that the non-movant is obligated to prove. If the respondent comes forward with sufficient competent evidence to establish a *prima facie* claim or defense, a trial is required. If the respondent fails to produce sufficient competent evidence to establish its claim or defense, the claim or defense must be dismissed as a matter of

3

law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

**B. Exclusivity of premises liability statute**

FC Stapleton argues that the Colorado premises liability statute operates to preclude common-law negligence claims. Colorado law is clear that "the General Assembly clearly and manifestly expressed its intent, through the plain language of the [premises liability] statute, to abrogate the common law of landowner duties." *Vigil v. Franklin*, 103 P.3d 322, 329 (Colo. 2004). Thus, it would appear that this claim against FC Stapleton is superseded by statute.

The Plaintiffs do not dispute that their common-law negligence claim is barred by the premises liability statute, but interject a new issue not raised by FC Stapleton's motion: that FC Stapleton may not actually be the "landowner" as defined by the statute. The Court need not recite the complicated factual background that leads the Plaintiffs to this conclusion. FC Stapleton makes clear in its reply that it "is not disputing landowner status." FC Stapleton having thus conceded that it is the landowner for purposes of this action, the Court finds that FC Stapleton is entitled to summary judgment on the common-law negligence claim.

**C. Notice of defect**

The remaining substantive claim thus arises under the premises liability statute. C.R.S. § 13-21-115(3)(c) provides that, with regard to invitees such as Ms. Clemmons, FC Stapleton is responsible for any "unreasonable failure to exercise reasonable care to protect [Ms. Clemmons] against dangers of which [FC Stapleton] actually knew or should have known." FC Stapleton contends that the Plaintiffs cannot show that it had actual or constructive notice of the condition prior to Ms. Clemmons' accident.

The Court finds that Ms. Clemmons has not come forward with sufficient evidence to

create a triable issue of fact with regard to whether FC Stapleton had notice of the sidewalk's dangerous condition. Ms. Clemmons contends that FC Stapleton's actual or constructive notice of the defect is demonstrated by the following items: (i) the height of the sidewalk defect exceeded 3/4", thus rendering the sidewalk in violation of Denver's Revised Municipal Code, constituting constructive notice *per se* under *Lombard v. Colorado Outdoor Educ. Ctr.*, 187 P.3d 565, 575 (Colo. 2008); (ii) that several witnesses observed a significant defect in the sidewalk at or around the time of the accident, including Mr. Clemmons, Ms. Clemmons, and Ms. Clemmons' daughter; (iii) the Clemmons' tendered expert witness, Rupert Esquibel, has opined that the sidewalk was defective; and (iv) the Plaintiffs need additional discovery pursuant to Fed. R. Civ. P. 56(f) to address this issue. Only the first and last contentions require discussion; the fact that Mr. Clemmons, Ms. Clemmons, their daughter, or Mr. Esquibel examined the premises after the incident and ascertained a defect does not amount to proof that FC Stapleton had actual or constructive knowledge of the defect prior to the accident.

Turning first to the argument that the sidewalk does not comply with Denver's building code, the Plaintiffs rely on *Lombard* for the proposition that "evidence that the landowner violated a statute or ordinance" can constitute constructive notice of a defective condition. *Lombard* does not stand for this proposition. In that case, the plaintiff was residing in a cabin rented from the defendant. The cabin had a "loft" bedroom area, connected to the main floor by a ladder. The plaintiff, descending the ladder, missed a step and fell to the floor, suffering injuries. The record indicated that the cabin's owner had constructed the property, but in doing so, had violated local building codes that required access to lofted areas to be via staircases. (A notice of occupancy was nevertheless issued for the cabin.) The trial court granted summary

5

judgment on the plaintiff's claims to the defendant, finding that the plaintiff had not shown the defendant's actual or constructive knowledge of the dangers posed by the ladder, and the Court of Appeals agreed. In addressing the question of whether the premises liability statute's notice standard is satisfied by proof that "the condition violated the local building code," the Colorado Supreme Court agreed with the trial court that "violation of a code is not dispositive of the landowner's knowledge of a danger." *Id.* at 572. Rather, the plaintiff must present evidence, among other things, "that the landowner knew or should have known of the condition that violated the code's provision." *Id.* However, the Supreme Court disagreed with the trial court that the plaintiff had not produced evidence sufficient to satisfy this requirement. Noting that "a builder who is subject to the building code is presumed to have constructive notice of the violation if he builds in violation of the code," but "a second owner of the property may not have actual or constructive knowledge that the premises is not in compliance with the building code unless and until some fact puts him on inquiry notice," the Court found that the defendant was the builder of the cabin in question, and thus, "should have known of the code violation because it was responsible for building the units and installing the ladder in violation of the building code." *Id.* at 572-73.

Here, the Plaintiffs have not shown that FC Stapleton was the "builder" of the sidewalk, thus chargeable with notice of building codes and constructive notice of its own failure to comply with such codes. Rather, the record is unclear as to FC Stapleton's role in the construction of Quebec Square. Without proof that FC Stapleton is the same type of "builder" of the sidewalk as the defendant was in *Lombard*, this Court cannot simply attribute to FC Stapleton the knowledge that the sidewalk was not in compliance with Denver's Municipal

6

Code. Unless it is shown to be the builder, the Court must assume that FC Stapleton is like the "second owner" described in *Lombard*, charged with notice of the code-violating dangerous condition only where "some fact" has "put[ ] him on inquiry notice." *Id.* at 572. Thus, the mere fact that the sidewalk may have been constructed in violation of Denver's Municipal Code does not suffice to establish FC Stapleton's knowledge of the condition.

Therefore, the Court turns to the Plaintiffs' Rule 56(f) affidavit. Fed. R. Civ. P. 56(f) provides that "if a party opposing the [summary judgment] motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition," the Court may take appropriate action, including denying the motion or holding it in abeyance pending further discovery. To obtain relief under Rule 56(f), the non-movant's supporting affidavit must "identify[ ] the probable facts not yet available and what steps have been taken to obtain these facts. *Libertarian Party of N.M. v. Herrera*, 506 F.3d 13030, 1306 (10th Cir. 2007), *quoting Trask v. Franco*, 446 F.3d 1036, 1042 (10th Cir. 2006). It is not sufficient for the non-movant to simply state that discovery is incomplete; rather, the non-movant must "state with specificity how the additional material will rebut the summary judgment motion." *Id*. at 1308-09.

The Plaintiffs complain generally that FC Stapleton did not fully disclose all persons known to have discoverable information as required by Fed. R. Civ. P. 26(a)(1). They also complain that FC Stapleton did not timely include all relevant documents in its disclosures. These generalized complaints of incomplete discovery are insufficient to meet a party's burden under Rule 56(f) to <u>specifically</u> identify the facts still to be obtained and the steps that have been taken to obtain them. *See e.g. Libertarian Party of N.M. v. Herrera*, 506 F.3d 1303, 1308-09 (10th Cir. 2007). The Plaintiffs go on to point out that, on the last day of the discovery period,

FC Stapleton produced a September 27, 2007 invoice from a contractor for services "grinding down the concrete sidewalk" where Ms. Clemmons had fallen. The Plaintiffs also complain that FC Stapleton never disclosed "monthly inspection reports" that were attached to its summary judgment motion, and never disclosed the identities of certain witnesses. The Plaintiffs state that "it is obvious . . . that there is other evidence out there in the possession and/or under the control of Defendant that has not been disclosed and should have been disclosed and is material to the issues of the above-styled case."

The Court finds this showing insufficient to warrant relief under Rule 56(f). The Plaintiffs state only that additional discovery "will likely lead to material issues of fact regarding Defendant's actual knowledge and/or constructive knowledge," but do not identify any <u>specific</u> facts that they believe will be adduced with further discovery. In essence, they ask only for the ability to conduct more discovery in the <u>hope</u> that additional relevant information appears, not because they have a demonstrable <u>belief</u> that certain specific facts will be established if discovery proceeds. The only particular item of evidence that the Plaintiffs point to as prompting a belief that specific facts might be adduced through additional discovery is the September 27, 2007 invoice for repairing the sidewalk in question. This might be powerful evidence of notice by FC Stapleton if it <u>predated</u> Ms. Clemmons' accident, but the fact that the invoice is for repairs that were made four months after the accident means nothing more that FC Stapleton took notice of the condition that caused Ms. Clemmons' fall only <u>after</u> it happened. Nothing in either the invoice nor any of the other matters raised in the Plaintiffs' Rule 56(f) affidavit indicates that the Plaintiffs are close to discovering <u>specific</u> evidence of FC Stapleton's advance knowledge of the condition. As a result, the affidavit is insufficient to warrant Rule

56(f) relief.[3]

Accordingly, the Court finds that the Plaintiffs have failed to come forward with evidence that would be sufficient to carry their burden of demonstrating that FC Stapleton had actual or constructive notice of the sidewalk defect prior to Ms. Clemmons' accident. Without such notice, the Plaintiffs cannot establish their claim of statutory premises liability, and FC Stapleton is thus entitled to summary judgment on that claim. Similarly, because Mr. Clemmons' loss of consortium claim is entirety derivative of and dependent upon Ms. Clemmons' substantive claims, FC Stapleton is entitled to summary judgment on that claim as well.

---

[3]The Court also notes that the Plaintiffs' Rule 56(f) affidavit contemplates additional depositions being taken in February 2010 and additional documentary discovery being disclosed in March 2010. As of the date of this Order, some 5 months later, the Plaintiffs have not supplemented either their Rule 56(f) motion or summary judgment response elaborating on what they discovered in the interim. The Court can only assume that that additional discovery did not reveal any additional evidence probative of the issue of FC Stapleton's notice, or else the Plaintiffs would have been expected to seek to supplement their briefing on the issue with this newly-discovered evidence.

**CONCLUSION**

For the foregoing reasons, FC Stapleton's Motion for Summary Judgment **(# 31)** is **GRANTED**, and judgment shall enter in favor of FC Stapleton on all claims contemporaneously with this Order. The Plaintiffs' Motion for Relief Pursuant to Fed. R. Civ. P. 56(f) **(# 38)** is **DENIED**. The parties' Joint Motion Under Fed. R. Evid. 702 **(# 32)** is **DENIED** as moot.

Dated this 6th day of August, 2010

**BY THE COURT:**

Marcia S. Krieger
United States District Judge