IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 09-cv-00710-MSK-MJW

YVONNE CLEMMONS and
LUTHER CLEMMONS,

        Plaintiffs,

v.

FC STAPLETON II, LLC,

        Defendant.

_____

## OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION
_____

**THIS MATTER** comes before the Court pursuant to the Plaintiffs' Motion for

Reconsideration **(# 60)** of the Court's August 6, 2010 Opinion and Order Granting Summary

Judgment **(# 58)**, the Defendant's response **(# 66)**, and the Plaintiffs' reply **(# 67)**.

FACTS

Ms. Clemmons was injured when she tripped and fell on a raised piece of sidewalk on

property owned by the Defendant.  She asserted claims for common-law negligence and

statutory premises liability under C.R.S. § 13-21-115. Mr. Clemmons asserted a loss of

consortium claim.     The Court granted Defendant FC Stapleton II, LLC's ("FC Stapleton")

Motion for Summary Judgment, finding that Ms. Clemmons' common-law negligence claim was

preempted by the Colorado premises liability statute and that Ms. Clemmons had failed to come

forward with sufficient evidence to demonstrate that FC Stapleton had notice of the defect prior

to the accident, as required by the premises liability statute.

1

The Plaintiffs now move for reconsideration **(# 60)** of the Court's Order pursuant to Fed. R. Civ. P. 59(e).  They contend that: (i) the Court misapprehended the evidence in the record, which the Plaintiffs contend establishes FC Stapleton's "constructive notice" of the sidewalk condition, insofar as the Plaintiffs' expert opined that the sidewalk condition had been present for three or more months and thus, the condition must have been noticed by FC Stapleton's security personnel during their monthly inspections of the property; (ii) the evidence that FC Stapleton subsequently corrected the sidewalk defect is probative, either of the existence of a defect, on "the issue of precautionary measures," or to impeach FC Stapleton's contention that its own inspections did not reveal the defect prior to the accident; and (iii) FC Stapleton's failure to adduce certain discovery prejudiced the Plaintiffs.

ANALYSIS

Reconsideration of a prior Order under Rule 59(e) is an appropriate means to review newly-discovered evidence, to correct clear error, or prevent manifest injustice. *Major v. Benton*, 647 F.2d 110, 112 (10th Cir.1981).  Relief under this theory is reserved for extraordinary circumstances, such as where the Court has obviously misapprehended a party's position on the facts or the law, or the Court has mistakenly decided issues outside of those the parties presented for determination.  *See e.g.  Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1186 n. 5 (10th Cir. 2000); *Sithon Maritime  Co. v. Holiday Mansion,* 177 F.R.D. 504, 505 (D.Kan.1998).  However, it is not a tool to re-raise issues that were or could have been raised in prior briefing.  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991).

Turning first to the Plaintiffs' contention that the Court misapprehended the evidence

submitted by the Plaintiffs in response to FC Stapleton's summary judgment motion, the Court begins with the recognition that the concept of "constructive notice" was identified in the Court's prior opinion.  The Court stated that "FC Stapleton is responsible for any [defect of which it] actually knew or should have known," and indicated that FC Stapleton's motion "contends that the Plaintiffs cannot show that it had actual or constructive notice of the condition." *Docket* # 58 at 4 (emphasis added).

The current argument raised by the Plaintiffs – that FC Stapleton's monthly inspections of the property should have revealed the existence of a condition that, the Plaintiffs' expert contends, was in existence for three months – was not raised by the Plaintiffs in their summary judgment response.  The Court has thoroughly reviewed Docket # 41, the Plaintiffs' brief in opposition to FC Stapleton's Motion for Summary Judgment, in an effort to ascertain what, if anything, the Plaintiffs argued with regard to the significance of FC Stapleton's monthly self-inspections.  The Plaintiffs' discussion of the issue of constructive notice begins on page 11 of their brief.  Most of page 12 is devoted to an argument that the sidewalk violated the Denver Municipal Code, and pages 12-23 are devoted to an extensive recitation of observations of the sidewalk by Mr. Clemmons, Ms. Clemmons, and Karla Allen, Ms. Clemmons' daughter.   Pages 23-26 extensively quote from the Plaintiffs' expert's report.  The remaining pages of argument devoted to the premises liability question, pages 26-30, argue the application of *Lombard v. Colorado Outdoor Education Center, Inc.*, 187 P.3d 565 (Colo. 2008), particularly with regard to the fact that the sidewalk defect violated the Denver Municipal Code.

Nowhere in this discussion do the Plaintiffs contend that FC Stapleton's own monthly inspections of the property  were probative of the issue of constructive notice.  The inspections

3

are mentioned only once in this portion of the Plaintiffs' brief.  At page 29, the Plaintiffs contend

that an affidavit submitted by FC Stapleton in support of its motion– the affidavit that attaches

copies of inspection reports – was not signed or notarized.  Thus, the Plaintiffs argued, "the

inspection report[s] should be stricken as being noncompliant and not to be considered by the

Court in Defendant's argument in re Motion for Summary Judgment."  Thus,  rather than relying

upon the inspection reports to establish constructive notice, the Plaintiffs affirmatively sought to

have the Court completely disregard those reports.

The current request for reconsideration is, in essence, a request to consider a new

argument that Plaintiffs could have raised in prior briefing.  They raise it now by virtue of

hindsight, but offer no explanation as to why it could not have been raised earlier.  For this

reason alone, the argument can be disregarded.

However, assuming without determining, that the combination of the inspection reports

and the expert's opinion were submitted to establish constructive notice,  the Court is

unpersuaded that such evidence would be sufficient to establish constructive notice.  The

Plaintiffs' expert opines that "this defective condition appeared to have developed over a period

of three months or more."  The curious word here is "developed."  The Plaintiffs' expert is not

stating that a dangerous condition "existed" for three months or more, and the use of the term

"developed" suggests that the dangerous condition of the sidewalk  evolved over a three month

period– *i.e.* going from a state in which the sidewalk segment began as level, progressively

becoming slightly elevated, and eventually becoming the dangerously elevated condition that

Ms. Clemmons encountered.  The expert's opinion does not reveal on what date he believes the

sidewalk defect became a condition that was both dangerous and sufficiently conspicuous such

4

that FC Stapleton's inspectors should have taken notice of it.  The record reflects that the inspection immediately preceding Ms. Clemmons' fall on May 25, 2007 occurred sometime between May 1 and May 5, 2007.  To establish constructive notice to FC Stapleton, there must be evidence either directly establishing or from which a reasonable jury could infer that elevation of the sidewalk segment had become a visibly dangerous defect by May 5, 2007.  The Plaintiffs offer neither evidence of that fact, nor an argument that an inference can be reasonably derived from the existing evidence to reach that conclusion.

The Plaintiffs' remaining arguments do not justify reconsideration.  The Court's prior Opinion addresses why the evidence that FC Stapleton remedied the defect four months after the accident is not probative of its knowledge of the condition as of the date of Ms. Clemmons' accident.

The Plaintiffs' argument that they were somehow prejudiced by discovery misconduct by FC Stapleton is untimely and without merit.  The Plaintiffs had ample opportunity during the discovery period to raise any concerns about FC Stapleton's disclosures, and indeed, an extensive Motion for Sanctions (# 44) by the Plaintiffs, alleging numerous discovery violations by FC Stapleton, was denied (# 54) on its merits by the Magistrate Judge.[1]

---

[1] The Court notes that the Plaintiffs' primary complaint appears to be that FC Stapleton misrepresented the status of Scott Michael, the individual who signed the invoice for the repairs to the sidewalk four months after Ms. Clemmons' accident.  As the Court has previously noted, repairs sought after Ms. Clemmons' accident are irrelevant to the question of whether FC Clemmons had notice of the defect prior to Ms. Clemmons' accident, and thus, the status of Scott Michael is equally irrelevant to the grounds upon which the Court decided this case.

For the foregoing reasons, the Plaintiffs' Motion for Reconsideration (**# 60**) is **DENIED**.

Dated this 22nd day of February, 2011

                           **BY THE COURT:**

                           _Marcia S. Krieger_
                           Marcia S. Krieger
                           United States District Judge